**PHILIP J. TRENCHAK, ESQ.**
Nevada State Bar No. 009924
**Mullins & Trenchak, Attorneys at Law**
1614 S. Maryland Parkway
Las Vegas, Nevada 89104
P: (702) 778-9444
F: (702) 778-9449
E: phil@mullinstrenchak.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DESERAY MARTINEZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NYE COUNTY SHERIFF'S OFFICE, a government entity,<br>DOE INDIVIDUALS 1 through 300; and ROE BUSINESS OR GOVERNMENTAL ENTITIES 1 through 300, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT AND JURY DEMAND**<br><br>**Causes of Action:**<br>  1) **Discrimination based on Sex, Race, National Origin**<br>  2) **Retaliation due to Sex, Race, National origin**<br>  3) **Violation of the ADA** |

Plaintiff, DESERAY MARTINEZ (hereinafter "Plaintiff") by and through her attorney PHILIP J. TRENCHAK, Esq., of Mullins and Trenchak, Attorneys at Law, hereby brings suit against NYE COUNTY SHERIFF'S OFFICE, and avers and alleges as follows:

## JURISDICTION

1.      This is an action for damages arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e to 2000e-17 (retaliation), Retaliation, The Americans With Disabilities Act ("ADA"), and related state causes of action.

2.      This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a)(4) (civil rights action) and 42 U.S.C. § 2000e-5(f)(3) (unlawful discrimination and retaliation in employment). This Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. § 1367.

1

3.      All material allegations relative to the named defendants contained in this Complaint are believed to have occurred in the State of Nevada, Nye County.  Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b)(2).

**EXHAUSTION OF ADMINISTRATIVE REMEDY**

4.      Plaintiff initiated the process of filing a Charge of Discrimination against her employer, the Defendant named in this action, with the United States Equal Opportunity Commission ("EEOC") wherein she alleged discrimination on the basis of sex, national origin, retaliation, and retaliation as a continuing action.  This was done within 300 days of the incident giving rise to this complaint.

5.      Thereafter, Plaintiff's attorney received Plaintiff's Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission.  Please see attached Exhibit 1.

6.      This action is filed within 90 days of the "Right to Sue" Letters being received by Plaintiff. Therefore, this action is timely.

7.      Plaintiff exhausted his administrative remedy on all claims pled hereunder prior to filing this action with this Court.

**PARTIES**

8.      Plaintiff is, and was at all times material to this action, an individual, residing in the State of Nevada, employed by Defendant.

9.      Plaintiff is informed and believes, and thereupon alleges, that Defendant NYE COUNTY SHERIFF'S OFFICE is and was at all times material to this action, a division of the State of Nevada.

10.      Plaintiff is informed and believes, and thereupon alleges that Defendants DOE INDIVIDUALS 1 through 300, inclusive, are either individuals residing in the State of Nevada, or business entities whose forms are unknown, duly authorized to transact, and in fact transacting, business in the State of Nevada.

11.      Plaintiff is informed and believes, and thereupon alleges that Defendants ROE BUSINESSES OR GOVERNMENTAL ENTITIES 1 through 300, inclusive, are either business or governmental entities whose forms are unknown, duly authorized to transact, and in fact transacting, business in the State of Nevada.

12.      Plaintiff is unaware of the true names and capacities, whether corporate, individual,

2

associate, or otherwise of the other defendants, and therefore sues those defendants by fictitious names DOE INDIVIDUALS 1 through 300; and ROE BUSINESS OR GOVERNMENTAL ENTITIES 1 through 300, inclusive. When Plaintiff ascertains the identities and exact nature of such fictitious defendants, she will seek leave of this Court to amend this Complaint to assert the true names thereupon.

13.     Plaintiff is informed and believes, and thereupon alleges, that the fictitiously named defendants sued herein by fictitious names DOE INDIVIDUALS 1 through 300; and ROE BUSINESS OR GOVERNMENTAL ENTITIES 1 through 300, inclusive, and each of them are in some manner responsible for the acts alleged herein.

14.     Plaintiff is informed and believes, and thereupon alleges, that the named defendants, each of them, and the fictitiously named defendants sued herein by fictitious names DOE INDIVIDUALS 1 through 300, and ROE BUSINESS ENTITIES 1 through 300, inclusive, were the agents and/or employees of the other remaining defendants and were at all times acting within the purpose and scope of such agency and/or employment.

15.     The process of undertaking Discovery will be necessary to determine the true identity of the responsible ROE and DOE Defendants named herein but when the culpability of the responsible parties is determined, leave of court will be sought, and those parties will be named accordingly.

## GENERAL ALLEGATIONS

16.     Plaintiff, DESERAY MARTINEZ, worked as a Corrections officer for Defendants.

17.     That Plaintiff was not given a reasonable accommodation for her disability.

18.     That Plaintiff suffered gender discrimination, discrimination based on her national origin, discrimination based on her disability, and discrimination based upon her race.

19.     That Plaintiff made complaints to her supervisors and filed an EEOC Charge.

20.     Thereafter, Plaintiff was terminated on October 31, 2021.

21.     Plaintiff suffered further damages as set forth in this Complaint.

///
///
///
///

3

## FIRST CAUSE OF ACTION
**(Discrimination Based on Sex, Race, National Origin in Violation of State and Federal Statutes)**

22.    Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

23.    Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on sex, national origin, and race, including harassment of a sexual nature.

24.    Plaintiff is a member of a class or persons protected by state and federal statutes prohibiting discrimination based upon being a member of these protected classes.

25.    Defendant as an employer is subject to Nevada and federal statutes prohibiting discrimination, NRS 613.330 et. seq. and Title VII, 42 U.S.C. § 2000e et. seq. as amended and thus, has a legal obligation to provide Plaintiff and all employees a workplace free of unlawful discrimination.

26.    Defendant refused to take reasonably adequate steps to prevent discrimination against Plaintiff to disparate terms of employment based upon Sex, National origin, and Race.

27.    Plaintiff was continually subjected to discrimination and complained of that discrimination to her Supervisors.

28.    Defendant did not remedy the discrimination.

29.    Defendant allowed the discrimination to continue.

30.    Defendant allowed the individuals committing the discrimination to show open hostility after the discrimination was complained about on numerous occasions.

31.    Defendant discriminated against Plaintiff when Defendant retained employees, who continued to subject Plaintiff to discrimination in the workplace.

32.    No other similarly situated persons, not of Plaintiff's protected class, were subject to the same or substantially similar treatment.

33.    Plaintiff suffered adverse economic impact as a result of the discrimination.

34.    Plaintiff was embarrassed, humiliated, angered and discouraged by the discriminatory actions taken against him.

35.    Plaintiff is under the care of a medical professional to deal with the extreme sexual and religious harassment.

4

36.     Plaintiff suffered and continues to suffer compensable emotional and physical harm, including but not limited to, headaches, sleeplessness, anxiety and depression resulting from this unlawful discrimination endorsed and sanctioned by her employer.

37.     Plaintiff suffered actual physical harm manifested in medical irregularities due to the intense mental anguish which was a direct result of the dilatory behavior of Defendant Employer.

38.     Plaintiff is entitled to be fully compensated for her emotional disturbance by being forced to endure this discrimination.

39.     Pursuant to 1991 Amendments to title VII, Plaintiff is entitled to recover punitive damages for Defendant's malicious, intentional repeated violations of federal and state civil rights laws. Discrimination based on sex and religion has been illegal since 1964 and an employer of the size, reputation and experience of Defendant should have not engaged in this blatant discrimination.

40.     Plaintiff suffered damages in an amount to be deemed sufficient by the jury.

41.     Plaintiff is entitled to an award of reasonable attorney's fees.

42.     Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of her sex, national origin, and race or a combination thereof.

43.     Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

**SECOND CAUSE OF ACTION**
**(Retaliation based upon Sex, National Origin, and Race under Federal Law, 42 U.S.C. § 2000e-3 and Nevada State Law, NRS 613.340)**

44.     Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

45.     In violation of 42 U.S.C § 200e-3, Defendant retaliated against Plaintiff after she complained of acts which she reasonably believed were discriminatory.

46.     Supervisors continued receiving complaints regarding the horrific behavior which resulted in the behavior intensifying in severity.

47.     Plaintiff filed an EEOC Charge in March of 2021 and submitted a settlement demand letter as well in March of 2021.

48.     In violation of NRS 613.340 Defendant retaliated against Plaintiff after she complained of acts which she reasonably believed were discriminatory in a written charge to the EEOC.

49.     The behavior complained of also constitutes retaliatory harassment and the creation of an illegally hostile environment.

50.     There may be more detrimental acts of which Plaintiff is unaware which may also constitute retaliation in that it harmed Plaintiff in her workplace.

51.     The aforementioned actions and conduct by Defendant constitutes illegal retaliation which is prohibited by federal and state statutes.

52.     Plaintiff has been seriously harmed, economically and emotionally by this unlawful retaliation and he is entitled to be fully compensated therefor.

53.     Plaintiff had to engage in the services of attorneys for representation in this matter and is entitled to an award of reasonable attorney's fees.

## THIRD CAUSE OF ACTION
### (Discrimination Based on Disability in violation of State and Federal Statutes)
### ("ADA")

54.     Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

55.     Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on Disability.

56.     Plaintiff is a qualified individual, fully able to perform her job tasks.

57.     Plaintiff informed Defendant that she had a disability and that it was affecting her job.

58.     Plaintiff is a qualified individual with a disability that is able to perform the essential functions of her job with a reasonable accommodation.

59.     Defendant was aware of the disability but never offered a reasonable accommodation and did not engage in the interactive process with Plaintiff to help her to obtain a reasonable accommodation to assist her in performing the essential functions of her position.

6

60.     Defendant did act as if reasonable accommodations would be made in support of her disability.

61.     No reasonable accommodations were made even though Plaintiff made her employer aware that she has a disability that was affecting her work.

62.     Defendant never engaged in the interactive process of attempting to obtain a reasonable accommodation for Ms. Martinez.

63.     Defendant, as an employer is subject to Nevada and federal statutes prohibiting discrimination based upon Disability, NRS 613.330 et. seq. and the ADA et. seq. as amended and thus, has a legal obligation to provide Plaintiff and all employees a workplace free of unlawful discrimination based upon Disability.

64.     Plaintiff informed Defendant she had a disability affecting a major life function.

65.     Defendant refused to take reasonably adequate steps to prevent discrimination against Plaintiff, based upon Disability.

66.     Plaintiff informed Defendant of her Disability and Defendant acted as though her work performance was therefore not an issue and gave Plaintiff a false sense of security that she was granted a Reasonable Accommodation.

67.     No other similarly situated persons, not of Plaintiff's protected class, were subject to the same or substantially similar treatment.

68.     Plaintiff suffered adverse economic impact including but not limited to loss of pay, benefits, expenses and other damages which will be more fully described at the time of trial.

69.     Plaintiff was embarrassed, humiliated, angered and discouraged by the discriminatory actions taken against her.

70.     Plaintiff suffered and continues to suffer compensable emotional and physical harm, including but not limited to, headaches, sleeplessness, anxiety and depression resulting from this unlawful discrimination by her employer.

71.     Plaintiff is entitled to be fully compensated for her emotional disturbance by being forced to endure this discrimination.

72.     Plaintiff is entitled to recover punitive damages for Defendant's malicious, intentional

repeated violations of federal and state civil rights laws.

73.    Plaintiff suffered damages in an amount to be deemed sufficient by a jury.

74.    Plaintiff is entitled to an award of reasonable attorney's fees.

75.    Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of her Disability.

76.    Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

**WHEREFORE**, Plaintiff prays for relief against Defendants, each of them, as follows:

**ON ALL CAUSES OF ACTION**

1.    For compensatory damages in the principal amount in excess of seventy-five thousand dollars ($75,000.00) to be proven at trial;

2.    For punitive damages in the principal amount in excess of seventy-five thousand dollars ($75,000.00) to be proven at trial;

3.    For special damages in the principal amount in excess of seventy-five thousand dollars, ($75,000.00) to be proven at trial;

4.    For attorney's fees and costs incurred;

5.    For all damages in an amount to be proved at trial;

6.    For costs of suit herein incurred;

7.    For reasonable interest on amounts due; and

8.    For any such other and further relief as this Court deems just and proper.

DATED this 26th day of January, 2024.

**MULLINS & TRENCHAK, ATTORNEYS AT LAW**

*/s/ Philip J. Trenchak*
Philip J. Trenchak, Esq.
Nevada Bar No. 009924
Mullins & Trenchak, Attorneys at Law
1614 S. Maryland Parkway
Las Vegas, NV 89104

8

**PLAINTIFF'S JURY DEMAND**

Plaintiff, by and through her attorneys of record, PHILIP J. TRENCHAK, ESQ. of the law firm MULLINS & TRENCHAK, ATTORNEYS AT LAW, respectfully submits this Demand for Jury pursuant FRCP 38 in the above captioned matter.

DATED this 26th day of January, 2024.

**MULLINS & TRENCHAK, ATTORNEYS AT LAW**

*/s/ Philip J. Trenchak*
PHILIP J. TRENCHAK, ESQ.
Nevada State Bar No. 009924
1614 S. Maryland Parkway
Las Vegas, Nevada 89104
P: (702) 778-9444
F: (702) 778-9449
E: phil@mullinstrenchak.com
E: victoria@mullinstrenchak.com
Attorneys for Plaintiff

9

# **Exhibit 1**
## Right-to-Sue Notice



COMMISSIONERS

Andre Martin, Chair
Tiffany Young, Secretary
Hanadi Nadeem
Stewart Chang

**NERC**
NEVADA EQUAL RIGHTS
COMMISSION

A Division of the Department of Employment,
Training and Rehabilitation

JOE LOMBARDO
Governor

KARA M. JENKINS
Administrator

October 26, 2023

Philip J. Trenchak, Esq.
Mullins & Trenchak, Attorneys at Law
1614 S. Maryland Pkwy.
Las Vegas, NV 89104

SENT VIA US MAIL AND EMAIL: phil@mullinstrenchak.com; Deseraymartinez@live.com

**RE: Deserey Martinez  vs  Nye County Sheriff's Office**
    **NERC No. 0809-23-0497L EEOC No. 487-2021-01013**

Dear Mr. Trenchak:

On October 6, 2023, you and your client were notified that the Nevada Equal Rights Commission was unable to substantiate the allegations of discrimination and your client was provided fifteen (15) days to seek reconsideration of this decision. As your client has not sought reconsideration, this case has been closed.

Your client may request a substantial weight review of NERC's findings by the federal Equal Employment Opportunity Commission (EEOC), Los Angeles District Office, located at 255 E. Temple Street, 4th floor, Los Angeles, CA 90012. This request must be made in writing within fifteen (15) calendar days from the date of this letter. Please also e-mail our EEOC partner, Investigator Karrie Maeda at **KARRIE.MAEDA@EEOC.GOV.**

**Right-To-Sue Notice:** This letter constitutes your client's state Right-to-Sue Notice.

Please be advised that the NERC's adverse determination does <u>not</u> preclude your client from filing a lawsuit in state court pursuant to Nevada Revised Statutes (NRS) 613.420.

Section 613.420 of the Nevada Revised Statutes provides in part: "If the Nevada Equal Rights Commission does not conclude that an unfair employment practice . . . has occurred, the Commission shall issue a right-to-sue notice. . . the person alleging such a practice has occurred may bring a civil action in district court not later than 90 days after the date of receipt of the right-to-sue notice…"

NRS 613.430 provides the following timeframes to file in state court, "No action authorized by NRS 613.420 may be brought more than 180 days after the date of the act complained of or more than 90

days after the date of the receipt of the right-to-sue notice...whichever is later.  When a complaint is filed with the Nevada Equal Rights Commission, the limitation provided by this section is tolled as to any action authorized by NRS 613.420 during the pendency of the complaint before the Commission."

If you or your client have any further questions regarding this case, please contact NERC at 702-486-7161.

Sincerely,

*Andrea Mass*

Andrea Mass
Compliance Investigator II

Cc: Deserey Martinez via email